IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| ALAN REDMOND | : | VIOLATIONS:<br>26 U.S.C. § 7202 (failure to account for and pay over tax – 6 counts) |

**I N D I C T M E N T**

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Bene Market LLC ("Bene Market") was a corporation doing business in Reading, Pennsylvania, which was within the Eastern District of Pennsylvania. Bene Market operated as a call center from at least in or about 2019 through at least in or about 2021, and paid wages to its employees. Bene Market purported to act as a broker of insurance, selling health insurance and related products over the telephone to individuals throughout the United States. Bene Market was an employer engaged in interstate commerce and in industries affecting interstate commerce.

2. Defendant ALAN REDMOND was the 96% general partner of Bene Market and a person known to the grand jury was the 4% limited partner.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

4. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay

including Federal Insurance and Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. Employers were required to remit these taxes (referred to in this indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States) to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

5. In addition to the trust fund taxes that must be withheld from pay, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly were commonly referred to as "employment taxes," made up of the trust fund taxes withheld from the employee's paycheck (individual income, Social Security, and Medicare taxes) and the matching amounts contributed by the employer.

6. Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

7. A person was responsible for collecting, accounting for, and paying over the employment taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact. More than one person may be considered a "responsible person" for the purpose of

collecting, accounting for, and paying over employment taxes, including trust fund amounts and employers' matching amounts.

8. Defendant ALAN REDMOND, in addition to being the 96% general partner of Bene Market, ran the day-to-day operations of Bene Market and directed control over its financial affairs by, among other acts, directing employees, approving payments, controlling bank accounts, approving employee payroll and bonuses, signing forms submitted to the IRS, and making financial decisions. Ultimate and final decision-making authority regarding Bene Market's business activities and financial affairs rested with defendant REDMOND. Thus, defendant REDMOND was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for the employees of Bene Market.

9. From at least in or about April 2019 through at least in or about December 2021, defendant ALAN REDMOND, and his agents working at his direction, caused Bene Market to pay wages to its employees. During this same period, defendant REDMOND, and his agents working at his direction, also caused Bene Market to withhold trust fund taxes from these wages and to issue Wage and Tax Statements ("W-2" forms) to the Bene Markets employees indicating that trust fund taxes had been withheld from those wages and implying that those trust fund taxes had been paid over to the IRS.

10. As a result, during the period from the second quarter of 2019 through the fourth quarter of 2021, defendant ALAN REDMOND caused Bene Market to withhold trust fund taxes from its employees' paychecks and file Forms 941 reporting these taxes with the IRS for each tax quarter, but over this same period, defendant REDMOND caused Bene Market to fail to

pay over all of the trust fund taxes due and owing to the IRS on behalf of its employees.

11. During the period from the second quarter of 2019 through the fourth quarter of 2021, defendant ALAN REDMOND caused Bene Market to make thousands of dollars of expenditures for his own personal benefit, including purchases of real property, airline tickets, event tickets, limousine services, vehicle purchases, mortgage payments, and partnership distributions, while, at the same time, failing to pay over to the IRS the trust fund taxes withheld from the paychecks of Bene Market's employees.

12. Altogether, during the six calendar quarters alleged in Counts One through Six of this indictment, defendant ALAN REDMOND caused Bene Market to fail to pay over approximately $1,068,680.47 in trust fund taxes to the IRS.

13. On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Eastern District of Pennsylvania and elsewhere, defendant

**ALAN REDMOND**

willfully failed to pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Bene Market, with each quarter constituting a separate count:

| Count | Quarter (Year-Month) | Appx. Date of Offense (i.e., Filing Date for Form 941) | Approximate Trust Fund Taxes Due and Owing |
|---|---|---|---|
| 1 | 2019-06 | July 29, 2019 | $142,665.72 |
| 2 | 2019-09 | October 30, 2019 | $143,591.46 |
| 3 | 2019-12 | January 30, 2020 | $228,125.75 |
| 4 | 2020-03 | April 29, 2020 | $188,953.17 |
| 5 | 2020-12 | January 30, 2021 | $149,298.17 |
| 6 | 2021-12 | January 31, 2022 | $216,046.20 |

All in violation of Title 26, United States Code, Section 7202.

A TRUE BILL:

*Christine & Ayres for*
_____
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No._____

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

ALAN REDMOND

INDICTMENT

26 U.S.C. § 7202 (failure to account for and pay over tax – 6 counts)