**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CRIMINAL NO. 5:24-cr-00376-JLS** |
| v. | : | |
| ALAN REDMOND, | : | |
| BENE MARKET LLC, and | : | |
| SEGURO MEDICO LLC | : | |

**DEFENDANT ALAN REDMOND'S RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION IN LIMINE FOR A DETERMINATION THAT
RECORDS
ARE AUTHENTIC AND QUALIFY AS BUSINESS RECORDS (ECF NO. 147)**

Defendant Alan Christopher Redmond, proceeding pro se and solely on his own behalf, respectfully opposes ECF No. 147. He does not contend that routine third-party business records are categorically inadmissible, and his limited stipulation offer as to genuinely routine bank-generated records stands. He opposes the proposed blanket order because the certification set was incomplete when the motion was filed and was supplemented at 12:41 p.m. Eastern on the response date, with Defendant first gaining access at approximately 2:52 p.m.; because the listed categories do not identify the records to which each certification runs; because controlling Third Circuit law distinguishes provider-generated transactional data from the substantive contents of user communications; and because the proposed order would leave only relevance for later adjudication.

The Court should deny the motion without prejudice or defer it to the August 31, 2026 in limine deadline. Alternatively, any ruling should be limited to specifically identified routine records covered by complete certifications produced with a fair opportunity to challenge them, and should preserve all other evidentiary and constitutional objections.

**I.  TEN CERTIFICATIONS WERE NOT PRODUCED WHEN THE MOTION WAS FILED**

Rule 902(11) makes a domestic business record self-authenticating only through a written certification showing that the record meets Rule 803(6)(A)–(C). The proponent must provide reasonable notice and make both the record and certification available for inspection so the opposing party has a fair opportunity to challenge them. Fed. R. Evid. 902(11).

1

Attachment A identifies ten entities whose certifications were "forthcoming": Sutton Bank (Item 11); First Citizen's Community Bank (Item 12); American Express dba AMEX (Item 16); PlanetHomeLending (Item 25); Israel Discount Bank (Item 28); Enrollment 123 (Item 41); S&S Health (Item 43); All Web Leads (Item 45); American Airlines (Item 47); and the Pennsylvania Department of Insurance (Item 56). The motion likewise states that several businesses had not supplied certifications and that the Government would provide them when received. ECF No. 147 at 4 n.1, 10–12.

The proposed order nevertheless asks the Court to find the records self-authenticating "as stated in the certifications of custodians of records provided by the government in Attachment B." As to the categories expressly marked forthcoming, the described certifications were not provided with the motion.

## II.    THE SAME-DAY SEVENTH PRODUCTION DID NOT PERMIT A FAIR CHALLENGE

At 12:41 p.m. Eastern on July 24, 2026—the response date—the Government transmitted its seventh discovery production. Defendant first gained access to that production at approximately 2:52 p.m. Eastern the same day. The accompanying letter states that the production includes "Additional Certificates of Authenticity" and that the unstamped materials include four additional certificates and IRS module data dated July 23, 2026. The motion identified ten certifications as outstanding. Defendant cannot determine from the briefing record which categories the four new certificates cover, whether they cover the full accounts and date ranges the Government intends to offer, or which categories remain unresolved.

The inspection requirement exists so the opponent can test whether the signer is a custodian or other qualified person; whether the certification addresses every element of Rule 803(6)(A)–(C); whether it covers the account, date range, production, and Bates range at issue; and whether the records described in the certification match the records the Government will offer. Transmission at midday on the response date, with access beginning at approximately 2:52 p.m., did not provide a fair opportunity to perform that analysis before the Court rules.

A true and correct copy of the Government's July 24, 2026 seventh-production transmittal letter is attached hereto as Exhibit A.

Defendant does not argue that every July 24 certificate is permanently untimely. The narrower point is that a certificate delivered on the briefing deadline cannot support a fully litigated blanket ruling on the present record. The Government may renew a defined request after giving the notice and inspection opportunity Rule 902(11) requires.

### III. UNDER *BROWNE*, A PROVIDER CERTIFICATION DOES NOT AUTHENTICATE THE CONTENTS OR ATTRIBUTION OF USER COMMUNICATIONS

In *United States v. Browne*, 834 F.3d 403, 410–13 (3d Cir. 2016), the Third Circuit rejected the Government's position that the substantive contents of electronic communications became self-authenticating business records through the service provider's Rule 902(11) certificate. A provider may certify technical and transactional facts—that communications passed between accounts at particular times—but the certificate does not establish the accuracy or reliability of the communications' substantive contents, authorship, or a hearsay basis. *Id.* at 411–12. The court affirmed only because separate Rule 901 evidence linked the defendant to the communications. *Id.* at 412–13. As the court put it:

> "[The provider] does not purport to verify or rely on the substantive contents of the communications in the course of its business. At most, the records custodian… can attest to the accuracy of only certain aspects of the communications exchanged over that platform…. This is no more sufficient to confirm the accuracy or reliability of the contents of the [] chats than a postal receipt would be to attest to the accuracy or reliability of the contents of the enclosed mailed letter." *Id.* at 411.

That distinction applies directly to Attachment A's electronic-communication categories, including Google and Yahoo account contents and Five9 recorded calls. A provider certification may authenticate the provider's extraction, metadata, or storage process. It cannot by itself prove who authored an email, who spoke on a call, whether an embedded third-party statement is true, or whether a statement satisfies Rule 801(d)(2). Where a record carries a statement by an outside declarant, each layer of hearsay must independently conform to an exception. Fed. R. Evid. 805. The 2017 amendment to Rule 902 confirms the same limit for certifications of electronic processes. Fed. R. Evid. 902(13) & advisory committee's note to 2017 amendment.

The Government's response filed as ECF No. 156 confirms the distinction. It invokes Rules 902(11) and 902(13) for the third-party business records, ECF No. 156 at 19, but separately states that attribution of training recordings will be established at trial through witness knowledge, distinctive characteristics, and voice identification under Rule 901(b)(1), (4), and (5). ECF No. 156 at 14. Thus the Government itself identifies later witness testimony—not a provider certificate—as the mechanism for establishing attribution. *Browne* cuts both ways, and Defendant claims no more than it holds: provider-generated transactional data such as routine bank records "might be more readily analogized to bank records or phone records conventionally authenticated and admitted under Rules 902(11) and 803(6)," 834 F.3d at 411, which is why the limited stipulation offer stands.

3

## IV.    ATTACHMENT A IDENTIFIES INSTITUTIONS, NOT THE RECORDS COVERED BY EACH CERTIFICATION

Rule 902(11) authenticates a record. Attachment A generally identifies institutions. The banking entries state only "Records of accounts of" a named institution; they do not identify the account holder, account number, date range, Bates range, proposed exhibit, or certification said to cover that material. Item 28, for example, reads only: "Records of accounts of Israel Discount Bank (certificate of authenticity forthcoming)."

On July 17, 2026, Defendant filed Omnibus Pretrial Motion No. 2, requesting "authentication and chain-of-custody certification matched to specific records under Federal Rule of Evidence 902(11)–(13)." ECF No. 150 at 1. In ECF No. 156, the Government responded that the chain-of-custody and certification issue is the subject of ECF No. 147. ECF No. 156 at 19. That routing reinforces the need for record-matched adjudication here: each proposed exhibit or defined Bates range should be mapped to the certification and foundation on which the Government relies.

## V.    *GILLARD* DOES NOT SUPPORT THE REQUESTED BLANKET RELIEF ON THIS RECORD

In *United States v. Gillard*, No. 2:23-cr-00026-JMG, ECF No. 259, slip op. at 41–49 (E.D. Pa. Jan. 23, 2024), the court granted a preliminary Rule 803(6) determination—but on a record materially different from this one. The sole opposing defendant there rested his objection entirely on the Government's failure to describe the records more specifically or submit them to the court, and "ha[d] not expressed any concerns about the records possibly being compiled expressly for trial or other concerns." *Id.* at 48–49. Even then, the court granted the motion only as "a preliminary ruling," expressly preserving the defendant's ability "to challenge the trustworthiness of the Government's business records at the appropriate time," at which point "the Government will need to be prepared to address any trustworthiness issues." *Id.* at 49 n.66.

This record is the opposite. Defendant identifies specific, concrete defects: ten certifications absent when the motion was filed; certificates transmitted at 12:41 p.m. on the response date and first accessible to Defendant at approximately 2:52 p.m.; category listings that identify custodians rather than records; and a category of provider-carried communication contents that *Browne* holds a custodian certification cannot self-authenticate. Where *Gillard* found no specific objection, each of these is one.

## VI.    THE PROPOSED ORDER IMPROPERLY TREATS RELEVANCE AS THE ONLY REMAINING ISSUE

The proposed order would declare the records admissible "subject only to a determination of relevance." Authentication and Rule 803(6) do not resolve every other objection. Depending on the actual record and its proposed use, the Court may still need to address authorship and speaker identity under Rule 901; embedded hearsay under Rules 801 and 805; completeness under Rule 106; trustworthiness under Rule 803(6)(E); unfair prejudice and confusion under Rule 403; other-acts use under Rule 404(b); the original-writing and summary rules; and constitutional objections. "Authenticity is a question separate from admissibility." *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 285 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

A narrow preliminary ruling should not become a procedural back door through which unidentified records, missing certifications, newly selected evidence, or embedded statements are later admitted without item-specific review. Any order should state expressly that it resolves only the specific authentication and Rule 803(6) foundation actually presented, and preserves all other objections.

## VII.  THE MOTION IS EARLY BY THE GOVERNMENT'S OWN RECKONING

The Government acknowledges that the motion in limine deadline is August 31, 2026 and reserves the right to supplement ECF No. 147 with additional certifications before that deadline. The seventh production confirms that the record is still developing. Deferral costs the Government nothing it has not built into its own schedule.

An in limine ruling is provisional and may change as the case unfolds. *Luce v. United States*, 469 U.S. 38, 41–42 (1984). The Supreme Court has cautioned that courts are handicapped when asked to decide subtle evidentiary issues outside a concrete factual context. *Id.* at 41. A ruling after the Government identifies the actual trial records and completes its certification package will be more accurate and more efficient than a blanket ruling followed by repeated exceptions.

## VIII.  A NARROW STIPULATION AND CATEGORY-SPECIFIC DISPOSITION REMAIN AVAILABLE

Defendant remains willing to confer regarding routine institution-generated bank records after the Government supplies a final exhibit or Bates range, a complete certification tied to that material, and reasonable notice. Any stipulation would preserve objections to relevance, completeness, embedded statements, summaries, Rule 403, Rule 404(b), and the proposed use of the record.

The Court therefore need not choose between excluding every routine record and granting the entire motion. It may address properly certified, specifically identified routine

records through stipulation or a later limited ruling; deny or defer categories still lacking complete certifications; and exclude provider-carried communication contents from any blanket finding concerning authorship, truth, or hearsay admissibility.

## IX. CONCLUSION

Defendant respectfully requests that the Court:

1. DENY ECF No. 147 without prejudice, or alternatively DEFER a Rule 104 determination until the Government completes the certification set and provides a fair opportunity for inspection;

2. ORDER that no self-authentication finding extend to a record whose certification was not timely made available for inspection;

3. REQUIRE the Government to map each proposed exhibit or defined Bates range to the certification relied upon, including the account or records covered and the applicable date range;

4. LIMIT any finding concerning provider-carried communications to provider-generated technical or transactional facts, and not to authorship, speaker identity, accuracy, reliability, truth, or hearsay admissibility of the substantive contents, consistent with *United States v. Browne*, 834 F.3d 403, 410–13 (3d Cir. 2016); and

5. STATE that any ruling resolves only the specific authentication and Rule 803(6) foundation presented and preserves all other objections.

Respectfully submitted,

/s/ Alan C. Redmond
**ALAN CHRISTOPHER REDMOND**
Defendant, Pro Se
2 High Road
Wyomissing, PA 19610
alanredmond23@gmail.com

Dated: July 24, 2026

The Defendant reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this filing constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I submitted a true and correct copy of the foregoing Response in Opposition to ECF No. 147 through the Court's Electronic Document Submission (EDS) system for filing in CM/ECF and caused electronic service through that process upon counsel of record, including Assistant United States Attorneys Mary E. Crawley and Samuel S. Dalke, and counsel for the corporate defendants.

/s/ Alan C. Redmond
**ALAN CHRISTOPHER REDMOND**
Defendant, Pro Se

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CRIMINAL NO. 5:24-cr-00376-JLS** |
| v. | : | |
| ALAN REDMOND, | : | |
| BENE MARKET LLC, and | : | |
| SEGURO MEDICO LLC | : | |

**EXHIBIT A**

**EXHIBIT A**

**Government's Seventh Discovery Production Transmittal Letter**
**United States v. Alan Redmond, Criminal No. 24-cr-376**
**Transmitted by the Government on July 24, 2026 at 12:41 p.m. Eastern**

**(Attached to Defendant Alan Redmond's Response in Opposition to ECF No. 147)**

1



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
(215) 861-8200

July 24, 2026

Alan Redmond
Pro Se Defendant
Via email: alanredmond23@gmail.com

Nina Spizer, Esq.
Stand-By Counsel
Via email: nspizer@dilworthlaw.com

William Rush, Esq.
Counsel for the Corporate Defendants
Via email: wrush@rushlawberks.com

> Re:   **United States v. Alan Redmond**
>        Criminal No. 24-cr-376

Mr. Redmond:

The government prepared and has provided you and counsel with its seventh production of discovery in the above-captioned matter, along with a searchable index for this production. These materials are loaded onto USAfx fileshare and are available for download for the next 45 days and consist of the following:

| Production Number | Production Date | Production Bates-Stamp | Summary of Production Contents |
|---|---|---|---|
| 7 | 07/24/26 | PROD07_CONFIDENTIAL_AR-0000000001 to 0000011893;[1] Reproduction of RedmondTax005547 to 5609 and 5651 to 5676; and unstamped materials | Additional Certificates of Authenticity; Grand Jury Subpoena Returns for Customers Bank and United Airlines; Information collected from victims who contacted the FBI post-indictment; Training, Management, and Interview audio recordings, including of Alan Redmond; Additional FBI casefile materials and 1A attachments; a witness-key to the Seguro search warrant affidavit; and reproduction of the tax grand jury exhibits #2-6.<br><br>The unstamped materials consist of four |

---

[1] The production prefix jumps from PROD04 to PROD07 because the government's re-production on June 15, 2026 used PROD05_CONFIDENTIAL_AR-0000000001 to 0000001050 to reproduce the Overt Act Supporting records that were originally produced on July 18, 2025 and previously stamped as RedmondOvertActs0001-1050, and then

| | | | additional Certificates of Authenticity and IRS Module Data from 07/23/26. |
|---|---|---|---|
| | | | |

Some of these materials have sub-items or zip files which contain attachments or additional documents. Numerous native files are also included in the production (audio files, excel spreadsheets, etc.) which cannot be bates-stamped.

As with the prior discovery productions, these discovery materials are being produced pursuant to the Rule 16(d)(1) Protective Order entered in this case (ECF No. 82), which provides that defense counsel and the defendants may not use the discovery materials for any purpose other than preparation for trial or for use at trial and any sentencing hearings, and may not disclose the discovery materials or information contained in them to any third party except as required to prepare for trial or for use at trial and any sentencing hearings.

The government acknowledges its duty to produce Brady material.

Jencks material will be produced no later than three days before trial.

Pursuant to Rule 16(b), the government demands prompt reciprocal production of documents, tangible objects and reports of examinations and tests as defined in that Rule.

The government demands reciprocal disclosure of Jencks materials per Rule 26.2 and United States v. Nobles, 422 U.S. 225 (1975).

You are charged with offenses, the times, dates and places of which are detailed in the charging document.  Pursuant to Rule 12.1, the government demands prompt written notice of any defense alibi within ten (10) days of the receipt of this demand.  This notice should detail the specific place or places at which you claim to have been at the time of the offense and the names and addresses of all witnesses upon whom you intends to rely to establish such an alibi.

Pursuant to Rule 12.2, the government demands prompt written notice of any planned insanity or mental defect defense, and/or expert testimony of your mental condition.

The government demands prompt notice of any entrapment defense per United States v. Levin, 606 F.2d 47, 49 (3d Cir. 1979).

The government remains willing to discuss a possible pretrial disposition of this matter,

---

used PROD06_CONFIDENTIAL_AR-0000000001 to 0000010479 to reproduce the selected materials pulled from Alan Redmond's cellphone that were originally produced on September 29, 2025 and previously stamped as RedmondiPhone_00001-10479.

2

involving a guilty plea.  This does <u>not</u> constitute an offer.  All such discussions are contingent on the approval of the United States Attorney.

  Thank you.

         Sincerely yours,

         DAVID METCALF
         United States Attorney

         _____
         Samuel S. Dalke
         Mary E. Crawley
         Assistant United States Attorneys

Enclosure: Discovery Production #7 via USAfx fileshare

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CRIMINAL NO. 5:24-cr-00376-JLS** |
| v. | : | |
| ALAN REDMOND, | : | |
| BENE MARKET LLC, and | : | |
| SEGURO MEDICO LLC | : | |

**PROPOSED ORDER — ECF NO. 147**

**O R D E R**

AND NOW, this _____ day of _____, 2026, upon consideration of the Government's Motion in Limine (ECF No. 147), and Defendant Alan Redmond's Response in Opposition thereto, it is hereby ORDERED that:

1.  The Motion is DENIED WITHOUT PREJUDICE; alternatively, a Rule 104 determination is DEFERRED until the Government completes its certification set and affords a fair opportunity for inspection under Federal Rule of Evidence 902(11);

2.  No self-authentication finding shall extend to any record whose Rule 902(11) certification was not timely produced and made available for inspection a reasonable time before any hearing;

3.  Before any renewed request, the Government shall map each proposed exhibit or defined Bates range to the certification relied upon, identifying the account or records covered and the applicable date range;

4.  Any finding concerning provider-carried communications, including electronic mail account contents and Five9, Inc. recorded calls, is limited to provider-generated technical or transactional facts and does not extend to authorship, speaker identity, accuracy, reliability, truth, or hearsay admissibility of the substantive contents, consistent with United States v. Browne, 834 F.3d 403, 410–13 (3d Cir. 2016); and

5.  Any ruling entered resolves only the specific authentication and Rule 803(6) foundation presented, and all other objections—including under Rules 106, 403, 404(b), 801, 805, and the Constitution—are preserved for the schedule set by ECF No. 135.

1

2

BY THE COURT:

_____
HONORABLE JEFFREY L. SCHMEHL
United States District Judge

2