IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                            CRIMINAL  NO. 24-376

ALAN REDMOND
BENE MARKET LLC
SEGURO MEDICO LLC

## ORDER

AND NOW, this 6th day of August, 2026, upon the motion to continue Trial, of the defendants (ECF No. 167), to which the United States agrees, **IT IS HEREBY ORDERED** that the dates for Jury Selection and Trial (ECF No. 135, ¶ 7-8) in the above-captioned matter, previously scheduled for September 15, 2026, are hereby set for **Monday, January 11, 2027 at 9:30 AM** in the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, courtroom TDB; and Trial shall commence on **Tuesday, January 12, 2027, at 9:30 AM** in the courtroom of the undersigned, 201 Penn Street, 5th Floor, Reading, Pennsylvania.

IT IS FURTHER ORDERED that the delay resulting from this continuance (that is, from the date of filing of the motion of defendants Alan Redmond, Bene Market, and Seguro Medico until the date of trial) shall be excluded from Speedy Trial Act calculations because the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. '3161(h)(7)(A). The Court makes this finding based on the following considerations:

1.      On May 8, 2025, a grand jury sitting in this district returned a twenty-seven-count superseding indictment ("the indictment") against six defendants: four individuals and two corporations. Defendant Alan Redmond was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; nineteen counts of wire fraud, in

violation of 18 U.S.C. § 1343; and seven counts of failure to pay over payroll taxes, in violation of 26 U.S.C. § 7202. The other three individuals, defendants Arthur Walsh, Jesus Barrera, and Albert Groff, and the two companies, Bene Market LLC and Seguro Medico LLC, were charged with conspiracy to commit wire fraud and nineteen counts of wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, respectively.

2.    Trial was first listed on July 21, 2025. Upon the government's uncontested motion, ECF 83, the Court declared the case complex under the Speedy Trial Act and scheduled trial for April 13, 2026. ECF 84.[1] Upon the uncontested motion of counsel for defendants Alan Redmond, Bene Market, and Seguro Medico ("the Redmond defendants"), ECF 101, the Court rescheduled the trial for September 15, 2026. ECF 102.

3.    • On March 23, 2026, counsel for the Redmond defendants filed a motion to withdraw from the case, citing irreconcilable differences with defendant Redmond. ECF 109.

4.    Between April 14, 2026, and July 30, 2026, the Court held five in-person status of counsel hearings with defendant Alan Redmond and government counsel. ECF 118, 121-22, 131-32, 135-36. On May 20, during the second status hearing, the Court administered the colloquy suggested in *United States v. Peppers,* 302 F.3d 120, 136-37 (3d Cir. 2002), to address defendant Redmond's request to represent himself.

---

See findings in ECF 84. This Court finds that the case remains complex, given the nature of the prosecution, the volume of documents provided in discovery, and the many witnesses and documents the government expects to present at a trial that government counsel estimate will last 4 to 5 weeks.

5.    On August 3, 2026, new counsel, Attorney Benjamin B. Cooper, Esquire, entered his appearance as counsel for the Redmond defendants. ECF 162, 163, 164.

6.    On August 4, the Court held a telephone conference with counsel, at which Attorney Cooper made an oral motion for a continuance of the September 15, 2026 trial date, based on the need to review the voluminous discovery in order to be ready for any further pretrial proceedings, and provide effective assistance to the Redmond defendants at trial. The government did not oppose.

7.    A Speedy Trial Act continuance is necessary to allow new counsel to review the discovery, make any necessary motions, and withdraw any pro se motions he deems necessary, no later than October 15, 2026, and to permit the parties adequate preparation for any possible further pretrial proceedings and the trial. Defense counsel has discussed this motion with defendant Redmond, who has signed the Speedy Trial waiver attached as Exhibit A.

8.    Due to the nature of the prosecution and the matters stated above, the case is so unusual and complex that it is unreasonable to expect adequate preparation for possible further pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. '3161(h)(7)(B)(ii).

9.    The failure to grant a continuance would likely result in a miscarriage of justice. **18** U.S.C. '3161(h)(7)(B)(i).

3

10.     This continuance is not being granted because of general congestion of the Court's calendar or lack of diligent preparation or failure to obtain available witnesses on the part of the attorneys for the government.

11.     The interests of justice require the continued designation of this case as complex, and that the September 15, 2026 trial date be continued.

12.     Counsel for the Redmond defendants have conferred with counsel for the United States prior to filing this motion. Counsel for the United States are in agreement with the Speedy Trial continuance sought in this case.

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
HONORABLE JEFFREY L. SCHMEHL
*Judge, United States District Court*

4